UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TINA MARIE WELCH,<br><br>            Plaintiff,<br><br>   v.<br><br>KEITH SIMS; KASCO OF IDAHO;<br>and HIS ENTITIES,<br><br>            Defendants. | Case No. 2:23-cv-00580-BLW<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff is a federal prisoner currently incarcerated in Arizona. She sues a private individual and private entities, alleging Idaho state law claims of fraud, misrepresentation, and sexual harassment.[1] *See Compl.*, Dkt. 3, at 6–14. Plaintiff invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332.

A basic requirement of federal diversity jurisdiction is that all plaintiffs and all defendants be citizens of different states. Federal Rule of Civil Procedure 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." A complaint that does not establish subject matter jurisdiction must be dismissed "in its entirety." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006) (citation omitted).

---

[1] Plaintiff also attempts to assert claims under federal criminal statutes. *See Compl.* at 2. However, such statutes do not give rise to civil liability. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Plaintiff alleges that she is a citizen of Arizona and that the Defendants are citizens of Idaho. *Compl.* at 1. However, Plaintiff's claim of Arizona citizenship is based entirely on Plaintiff's current incarceration in that state.

Federal courts typically presume that a prisoner remains a citizen of the state in which she formerly resided prior to incarceration. *Hall v. Curran*, 599 F.3d 70 (1st Cir. 2010); *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006); *Denlinger v. Brennen*, 87 F.3d 214 (7th Cir. 1996); *Housand v. Heiman*, 594 F.2d 923, 925 n. 5 (2nd Cir. 1979) (per curiam); *Jones v. Hadican*, 552 F.2d 249, 250–251 (8th Cir. 1977); *Stifel v. Hopkins*, 477 F.2d 1116 (6th Cir. 1973). This presumption, however, is rebuttable. *Stifel*, 477 F.2d at 1126–27 ("[A] litigant will not be precluded from establishing a domicile within a state for purposes of diversity jurisdiction solely because his presence there initially resulted from circumstances beyond his control.").

In order to overcome the presumption, a prisoner must offer more than conclusory statements and unsupported allegations. Relevant factors for the district court to consider include the possibility of parole, the manner in which the prisoner has ordered his or her "personal and business affairs," and "any other factors that are relevant to corroboration of [the prisoner's] statements." *Id.* "No single factor is dispositive, and the analysis focuses not simply on the number of contacts with the purported domicile, but also on their substantive nature." *Garcia Perez v. Santaella*, 364 F.3d 348, 351 (1st Cir. 2004).

Here, the Court takes judicial notice that Plaintiff was convicted in this Court of wire fraud on October 13, 2022, and sentenced to 51 months in prison. *See United States v. Welch*, 2:20-cr-00052-DCN-1 (D. Idaho). Additionally, the events described in the

Complaint took place in the State of Idaho. These facts suggest that Plaintiff was a citizen of Idaho, not Arizona, before being incarcerated.

Accordingly, Plaintiff must address the Court's jurisdiction in a response to this Order. If the Court determines Plaintiff is a citizen of Idaho, the Court lacks diversity jurisdiction because Defendants are also citizens of Idaho.

**ACCORDINGLY, IT IS ORDERED:**

1.  Plaintiff must respond to the Court no later than 28 days after entry of this Order, addressing the issues identified above and establishing that Plaintiff is a citizen of Arizona.

2.  If Plaintiff does not file a timely response to this Order, or if the response does not establish diversity jurisdiction under § 1332, the Court will dismiss this case without prejudice.

DATED: February 6, 2024

_____
B. Lynn Winmill
U.S. District Court Judge