RAMSDEN, MARFICE, EALY & DE SMET, LLP
700 Northwest Blvd.
P.O. Box 1336
Coeur d'Alene, ID 83816-1336
Telephone: (208) 664-5818
Facsimile: (208) 664-5884
Jack A. Mosby, ISB #10986
jmosby@rmedlaw.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRINA MARIE WELCH,<br><br>Plaintiff,<br><br>vs.<br><br>KEITH SIMS, KASCO OF IDAHO, AND HIS ENTITIES.<br><br>Defendant(s). | Case No. 2:23-cv-00580-BLW<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

COMES NOW, Defendants Keith Sims and Kasco of Idaho, LLC (hereinafter referred to as "**Keith**" and "**Kasco**" respectively, or collectively as the "**Defendants**") by and through their undersigned counsel of record, of the firm Ramsden, Marfice, Ealy & De Smet, LLP, and hereby submits this Reply in Support of their Motion to Dismiss.

## INTRODUCTION

Defendants filed a motion to dismiss seeking dismissal of the Plaintiff's claims in this case, brought within the document entitled *Defendants' Motion to Dismiss* filed in the record of this case on May 20, 2024 at ECF No. 14 (hereinafter referred to as the "**Defendants' Motion**"). The Plaintiff filed the "Amended Title and Complaint Against Keith Sims, Kasco of Idaho, LLC and His Entities" at ECF No. 19 (the "**Amended Filing**").

The Defendants file this Reply to reassert and reinforce the substantive arguments provided in Defendants' Motion and in support of Defendants' Motion to Strike, filed contemporaneously herewith. The Plaintiff's Amended Filing does not present this Court with new facts or additional information that requires additional argumentation from the Defendants. As Ms. Welch's story continues to develop, she seeks to present a narrative that only reinforces the Defendants' position – that Ms. Welch continues to engage in the manipulation of facts and in manufacturing a story that does not comport with the reality of her guilty actions.

By this Reply, Defendants again ask this Court to dismiss the plaintiff's claims brought in this case, in whole or in part, pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") rules 12(b)(1), 12(b)(5) and 12(b)(6). Additionally, the Defendants object to incorporation of all attachments to the Amended Filing and again moves to strike the various claims enumerated in the Motion to Strike and in the *Memorandum in Support of Defendants' Motion to Dismiss* filed at ECF 14.1 (the "Defendants' Memorandum"), and which violate F.R.C.P. Rule 12(f).

## LEGAL ARGUMENT

By this Reply, Defendants reaffirm their Motion and seek dismissal of the entirety of the Plaintiffs claim for lack of subject matter jurisdiction under Rule 12(b)(1), insufficiency of process under Rule 12(b)(5), and failure to state a claim upon which relief can be granted violative of Rule 12(b)(6). Additionally, the Defendants request that the court strikes any and all claims under its discretion under F.R.C.P. Rule 12(f). The Defendant seeks the same for the same reasons provided in Defendants' Motion (ECF No. 14 and filed herewith) as provided below and all arguments from Defendants' Motion and the Defendants' Memorandum (ECF No. 14.1) are incorporated herein.

I.  **THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION**

The Defendants reassert their Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), as the Plaintiffs original complaint lacks a constitutional or statutory basis to adjudicate the controversy. Fed. R. Civ. P. 12(b)(1); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012).

Ms. Welch's domicile has not changed simply because she purportedly plans to move to a state other than Idaho after her release from prison. Ms. Welch is an Idaho resident until she is free from prison and chooses to live elsewhere; her imaginary domiciliary does not give her residency into a new state. The Defendants reassert the case law cited in the Defendants' Motion, as a matter of settled law, which shows that Ms. Welch fails to meet diversity jurisdiction standards to meet this Court's jurisdiction. "One does not change his residence to prison by virtue of being incarcerated there." *See Cohen v. United States*, 297 F.2d 760, 774 (9th Cir. 1962), cert. denied, *Cohen v. United States*, 369 U.S. 865; accord *Jones v. Hadican*, 552 F.2d 249, 251 (8th Cir. 1977). Moreover, it is up to the party asserting diversity of citizenship to show that such is in fact the case. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986); *see* also *Trentacosta v. Frontier Pac. Aircraft Industries*, 813 F.2d 1553, 1559 (9th Cir. 1987) (the party invoking the court's jurisdiction bears the burden of proof).

Additionally, although Ms. Welch asserts that Pro Se litigants' claims should be liberally construed are valid, a Pro Se litigant is not immune to dismissal when there is no jurisdiction. The Plaintiffs' causes of action should be dismissed in their entirety by this Court.

II.  **THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR INSUFFICIENT PROCESS AND SERVICE OF PROCESS**

The Defendants reassert this motion under Defendants' Motion as the Plaintiff failed

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 3

to provide proper service in a threefold manner: (1) Plaintiff failed to serve the proper recipient under Rule 4(e)(2) of the Federal Rules of Civil Procedure, as service was delivered to an attorney who does not have authority by appointment or by law to receive service of process for the Defendants, (2) Plaintiff failed to serve the Defendants by the appropriate means under Rule 4(c)(2) of the Federal Rules of Civil Procedure, as the complaint was mailed rather than served by an individual who is at least 18 years old and not a party in the case, and (3) Plaintiff failed to provide notice of waiver under Rule 4(d) of the Federal Rules of Civil Procedure. Additionally, the Plaintiff's recent submittal of the attachments, which were missing from the complaint she delivered to the undersigned counsel by mail, cannot cure the deficient process. Put another way, even if service by mail could be proper, the served complaint was incomplete because the referenced attachments were missing. The Plaintiff's subsequent service by mail of only the missing attachments without the complaint could not cure the defect in process.

As such, the Plaintiff failed (and continues to fail) to meet the basic requirements of Rule 4 and the Defendants request that the Court dismiss the complaint in its entirety for insufficiency of process and service of process.

### III. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR FAILURE TO TIMELY SERVE PROCESS PURSUANT TO F.R.C.P. 4(M)

The Defendants incorporate herein the Defendants' Motion and the Defendants' Memorandum for purposes of dismissing Plaintiff's Claim for failure to serve process pursuant to Federal Rule of Civil Procedure rule 4(m), which provides *inter alia* that "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Complaint was

filed 141 days after the filing of the Complaint. Even computing time from the date of mailing, purportedly on April 26, 2024, that attempted (and procedurally improper) service is 121 days after the filing of the Complaint. In any case, this Court should dismiss the action as untimely.

### IV. THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Defendants recognize that this Court may, in its discretion, provide a liberal construction of Pro Se litigant filings – nevertheless, the Plaintiff's claim must contain "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The Plaintiff's identified causes of action, whether in the original complaint or the Amended Filing (ECF No. 19, at p. 2 ¶ (a)), are an impenetrable string of terms and phrases without any comprehensible meaning.

The Defendants reassert the Defendants' Motion to show that the Plaintiff's claim does not have enough factual basis to show that Plaintiff has a plausible claim for relief – much of what is provided in the Complaint presents this Court with unfounded and unauthenticated allegations that arise from Plaintiff's conjecture and stems from an internal turmoil experienced by the Plaintiff.

Pertinently, a federal court may dismiss a claim *sua sponte*, and without notice, for failure to state a claim under Rule 12(b)(6), particularly if it is clear that the claimant cannot possibly win relief. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). The Defendants incorporate herein all motions to dismiss as set forth within the Defendants' Motion (ECF No. 14) and the Defendants' Memorandum (ECF No. 14.1) and ask this Court to dismiss the claims enumerated in Section V of the Defendants' Memorandum in their entirety under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### V. DEFENDANTS MOVE TO STRIKE VARIOUS CLAIMS FROM THE PLAINTIFFS' COMPLAINT UNDER 12(f)

The Defendants reassert and reincorporate the argument in support of motions to strike is set forth in the Defendants' Memorandum (ECF No. 14.1) and request that this Court strike all such claims in their entirety as enumerated within the Defendants' Memorandum. The Defendants again ask the Court to strike the enumerated language provided in Defendants' Motion, and any other language found in the Complaint that this Court chooses on its own accord.

### VI. DEFENDANTS OBJECT TO ADMISSIBILITY OF INCORPORATED FACTS AND MOVE TO STRIKE

The Defendants object to and move to strike the inclusion of various filings with this Court, including the following:

a. The Defendant's move to strike all attachments to the Amended Filing (ECF NO. 19) as follows:

  i. As to attachments H, C, and E, Defendant's object and move to strike under Federal Rules of Evidence ("F.R.E.") Rule 801-802 as hearsay;

  ii. As to attachments including jurisdiction filings, relevant information regarding Glenda Hook, Rachelle Evans and Lorinda Sims letter, example of news reporter, relevant letters of contraditions Keithsims uimpact letter and his statements in multiple interviews, relevant pages of evidentiary hearing, and exhibit 12, Defendants' object and move to strike under F.R.E. Rule 901 as lacking authentication; and

  iii. As to Exhibit4, Exhibit 11 and Attachment J, Defendant's object and move to strike under F.R.E. Rule 602 for a lack of foundation of personal

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 6

      knowledge.

  b. The Defendants move to strike Plaintiff's "Memorandum Regarding Response to Defendants' Motion Dismiss" (ECF NO. 20) as follows:

    i. The entirety of the Sections 1 and 2 as Defendants object and move to strike as irrelevant and confusing the issue under F.R.E. Rule 403 and lacking authentication under F.R.E. Rule 901;

  c. The Defendants move to strike statements made in Plaintiffs Declaration (ECF NO. 20-1) as follows:

    i. as to paragraph 3, Defendants object and move to strike as hearsay under F.R.E. Rules 801-802 and lack of foundation of personal knowledge under F.R.E. 602;

    ii. as to paragraph 4, Defendants object and move to strike as lacking foundation of personal knowledge under F.R.E. 602;

    iii. as to paragraph 5, Defendants object and move to strike as lacking authentication under F.R.E. Rule 901;

    iv. as to paragraphs 6 and 7, Defendants object and move to strike as irrelevant and confusing the issue under F.R.E. Rule 403;

    v. as to paragraph 8, Defendants object and move to strike as irrelevant and confusing the issue under F.R.E. Rule 403; and

    vi. as to paragraph 9, Defendants object and move to strike as irrelevant under F.R.E. Rule 401.

  d. The Defendants move to strike Plaintiff's PSI Attachment Information (ECF NO. 19-7) for the following reasons:

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 7

      i. The entirety of the attachment as irrelevant and confusing the issue under F.R.E. Rule 403 and

      ii. The entirety of the attachment as it is lacking authentication under F.R.E. Rule 901;

e. The Defendants move to strike Plaintiff's Exhibit 15D, (ECF NO. 19-6) for the following reasons:

      i. The entirety of the attachment as it is lacking authentication under F.R.E. Rule 901;

f. The Defendants move to strike Plaintiff's Attachment D "Global Checking information" (ECF NO. 19-3) for the following reasons:

      i. The entirety of the attachment as it is lacking authentication under F.R.E. Rule 901;

The Plaintiff continues to provide this Court with an excess of material and statement lacking any relevance to the alleged Complaint. The Defendants object to the admissibility of the attachments and asks this Court to strike the attachments in their entirety.

## CONCLUSION

For the forgoing reasons, Defendants' Motion to Dismiss and Motion to Strike Plaintiffs' claims should be granted on the claims set forth herein and as set forth hereinabove.

DATED this 25th day of June 2024.

                              RAMSDEN, MARFICE, EALY & DE SMET, LLP

                              By: _____
                                  Jack Mosby, Of the Firm
                                  *Attorneys for Defendants*