RAMSDEN, MARFICE, EALY & DE SMET, LLP
700 Northwest Blvd.
P.O. Box 1336
Coeur d'Alene, ID 83816-1336
Telephone: (208) 664-5818
Facsimile: (208) 664-5884
Jack A. Mosby, ISB #10986
jmosby@rmedlaw.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRINA MARIE WELCH, | Case No. 2:23-cv-00580-DKG |
| Plaintiff, | |
| vs. | **RESPONSE TO TRINA WELCH'S REPLY BRIEF TO DEFENDANTS' MEMORANDUM IN SUPPORT OF DEFENDANTS' SECOND MOTION TO DISMISS** |
| KEITH SIMS, KASCO OF IDAHO, AND HIS ENTITIES. | |
| Defendant(s). | |

Defendants Keith Sims and Kasco of Idaho, LLC (hereinafter referred to as "**Keith**" and "**Kasco**" respectively, or collectively as the "**Defendants**") by and through their undersigned counsel of record, of the firm Ramsden, Marfice, Ealy & De Smet, LLP, submit this *Response to Trina Welch's Reply Brief to Defendants' Memorandum In Support of Defendants' Second Motion to Dismiss*.

## **Objection**

Defendants object to consideration of the Plaintiffs' document entitled *Trina Welch's Reply Brief to Defendants' Memorandum In Support of Defendants' Second Motion to Dismiss* (filed on August 20, 2024 as ECF No. 36). The Plaintiffs' brief was filed and served untimely. Plaintiff

acknowledges that she received the Defendants' Second Motion to Dismiss on July 19, 2024. That was just two days after it was filed as ECF No. 32-1. Pursuant to Fed. R. Civ. Pro. Rule 6(d), service by mail allows 3 days additional time to respond. This Court ordered that the response was due on August 7, 2024. This order was noted on the motion served by mail. The Plaintiff's brief was not timely filed. Even adding three days, not counting filing date, the due date would fall on Sunday, August 11, 2024. Pursuant to FRCP 6(a), the response would be due no later than Monday, August 12, 2024. That is 5 days later than the due date set by this Court. Even under this longer timeline, the Plaintiff's brief is still untimely. Wherefore, Defendants object to it being considered by this Court.

## Response

As to the substance of the arguments in the Plaintiff's brief, this reply will only address a few of the points because most of the Plaintiff's argument has been opposed already elsewhere in the record of this case.[1]

*Pro se* litigants are not excused from the duty to effectuate service of process. Relevant to this matter, the Plaintiff is the only person who is incarcerated, and thereby physically unable to personally serve process upon the Defendants. However, besides children, the Plaintiff is the only person who is procedurally disallowed from personally serving process upon the Defendants.[2] The Plaintiff's imprisonment is irrelevant to her failure to effectuate service of process. For lack of service of process, the matter should be dismissed.

The Plaintiff argues that she sent a waiver of service form. However, the waiver was not

---

[1] The Plaintiff's arguments are redundant and an impenetrable stream of thought barrage of her version of the facts, which she characterizes as her "TRUTH."

[2] Fed. R. Civ. 4(c)(2).

accompanied by a complaint and it was not sent to the Defendants but to the undersigned counsel. This is not in compliance with FRCP 4(c). The notice and the waiver form received are at **Exhibit A,[3]** and there was no other document served with those items. The waiver therefore could not be accepted as delivered. Notwithstanding, the complaint has not been properly served under FRCP rule 4(c), even after the Plaintiff sent the waiver. Serving the waiver by mail to the undersigned attorney is irrelevant to the Plaintiff's failure to serve process. Accordingly, for lack of service of process, the matter should be dismissed.

Largely, the Plaintiff's brief contains a host of unsupported accusations against the Defendants, which appear to regard the substance of the criminal case filed in the U.S. District Court for the District of Idaho, in Case no. CR20-052-N-DCN. That case has resulted in the entry of the Judgment in a Criminal Case, pursuant to which the Plaintiff has been incarcerated. The Plaintiff remains incarcerated because the *Judgment in a Criminal Case* has not been set aside, withdrawn, or reversed. Accordingly, all of the Plaintiff's statements purportedly containing facts on matters already decided by that case are barred by Res Judicata.

The Plaintiff made admissions in the Rule 11 Plea Agreement (to which she refers in her briefing) upon which admissions the Plaintiff's guilty plea in Case no. CR20-052-N-DCN was accepted, and the motion to dismiss 14 charges of wire fraud was granted. Ms. Welch also mentions the commitment by the US Government to not bring tax evasion charges against her based on what was discovered in Case no. CR20-052-N-DCN. Two points arise from these facts.

Firstly, Ms. Welch received a benefit from the Rule 11 Plea Agreement in Case no. CR20-

---

[3] Certification: I, Jack A. Mosby, the undersigned attorney, declare under penalty of perjury pursuant to the laws of the State of Idaho, Idaho Code § 9-1406, that the documents enclosed herewith as **Exhibit A** are a true and correct copy of the notice and waiver received by the undersigned counsel, by mail, on July 12, 2024, and that those were all of the documents received in that correspondence.

052-N-DCN, by dismissal of her other charges and avoidance of any tax evasion charges, and therefore she is judicially estopped from now taking a different position from her testimony in the Rule 11 Plea Agreement.

Secondly, the US Government's agreement to not bring tax evasion charges does not change the facts to which the Plaintiff has admitted in her Rule 11 Plea Agreement, that she did in fact evade taxes which facts underly such a charge. The thrust of that point (i.e., why that tacit admission was brought up) was to present a factual basis upon which this court could find grounds for estoppel. The Plaintiff cannot benefit by her own misdeeds. Her tax evasion and embezzlement activities (for which she was convicted of wire fraud), cannot be awarded by granting the relief she seeks (e.g., monetary damages for unpaid wages from the employer from whom she embezzled when she did not pay taxes on any of the money she stole).

The Plaintiff disputes the validity of the judgment of the US District Court. She is referring to the Judgment in a Criminal Case entered in Case no. CR20-052-N-DCN and finding her guilty of wire fraud, sentencing her to 51 months in federal prison, and ordering restitution to the victim (i.e., the defendants in this case) in the amount of $3.678,642.62. The Plaintiff is arguing that it was all false and wrong and that she is challenging it. The Plaintiff is refusing to accept responsibility for her actions and is attempting to cast fabricated blame upon the other parties in this case.  There is no "truth" to her statements, and US District Court's judgment in Case no. CR20-052-N-DCN remains in effect.

Importantly, none of the Plaintiff's arguments, even if they were all considered true, can rectify the patent inadequacy of claims in the "Second Amended Complaint" (filed as ECF No.

26). The Second Amended Complaint[4] fails to allege sufficient facts to determine the nature of her claims against the Defendants. Pursuant to F.R.C.P. rule 12(b)(6), the Plaintiff has failed to state a claim for which relief can be granted, and therefore this case should be dismissed entirely.

### Objection and Motion to Strike and Seal

Defendants hereby incorporate the arguments pursuant to the Federal Rules of Evidence, as presented within the *Defendants' Motion to Strike and Motion to Seal*, filed as ECF No. 29, and thereupon object to the consideration of any of the exhibits to the Plaintiff's brief and move to strike the same on the same bases set forth in ECF no. 29. Defendants move to seal the Exhibits to the Plaintiff's brief on the same bases set forth in ECF no. 29.

On the same bases set forth in ECF no. 29, the Defendants move to strike and object to the consideration of any of the Plaintiffs' testimony on the bases of hearsay, hearsay within hearsay, lacks foundation of personal knowledge, and constitutes impermissible expert opinions and legal conclusions of a lay witness.

### CONCLUSION

For the forgoing reasons, and as set forth in the briefing incorporated hereinabove, Defendants request that this Court grant their *Motion to Dismiss*, strike and seal from the record the exhibits and testimony in the Plaintiff's Brief and dismiss this case with prejudice.

DATED this 21st day of August, 2024.

RAMSDEN, MARFICE, EALY & DE SMET, LLP

By: _____
Jack Mosby, Of the Firm
*Attorneys for Defendants*

---

[4] i.e., the Plaintiffs third bite at the apple, so to speak.

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2024, I served a true and correct copy of the foregoing by the method indicated below, and addressed to the following:

Trina Welch - 20301023                   X   US Mail
FCI- Federal Phoenix Satellite        ___ Overnight Delivery
Camp 37930 N. 45th Avenue          ___ Hand Delivered
Phoenix, Arizona 85086                  ___ Facsimile:
                                                    ___ ECF:

*Plaintiff – pro se*

Norman Welch                              X   US Mail
PO Box 82                                    ___ Overnight Mail
Saint Regis, MT 59866                   ___ Hand Delivered
                                                    ___ Facsimile
                                                    _X  Email: normantrina@yahoo.com


*Amanda Clark*
Amanda Clark

# EXHIBIT A

Trina Marie Welch
20301-023
Federal Prison Camp-Phoenix
37930 N. 45th Avenue
Phoenix. Arizona 85086
    Pro-Se

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRINA MARIE WELCH,<br><br>     Plaintiff,<br><br>VS.<br><br>KEITH A SIMS individual, KASCO OF IDAHO, and his entities,<br><br>     Defendant(s). | CASE NO.:  2:23-CV-00580-BLW<br><br>**NOTICE OF LAWSUIT AND REQUEST TO WAIVE SUMMONS** |

To Keith Sims mailed to his attorney of record:
 Jack Mosby
Ramsden, Marfice, Ealy, & De Smet, LLP      BY" MAILING SYSTEM
700 Northwest Boulevard
PO BOX 1336
Coeur D' Alene, ID 83816-1336

A lawsuit has been filed against you, and your entity, in this court under the number shown above.

This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid expenses, you must return the signed waiver within 30 days from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope for returning one copy. You may keep the other copy. The below information has already been sent to you.

- 4/3/2024-The Civil Summons sent states this summons for Keith Sims, Kasco of Idaho, LLC was received by Trina Welch on 4/3/2024. This is the date the court issued and Trina Welch received this at FPC-Phoenix on 4/2024

**NOTICE OF LAWSUIT AND REQUEST TO WAIVE SUMMONS**

- 4/29/2024- The Summons of Complaint with Certification issued to Keith Sims Attorneys on Record. The United States Courts District of Idaho issued.

- 5/1/2024- Trina Welch received this Certificate of Service on 5/1/2024 of Summons ,mailed on 4/26/2024. The date on Certificate of Service to court states 4/26/2024 and was typed in error by Trina Welch when she mailed.

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent July 5, 2024 to answer the complaint.

If you do not return the signed waiver within the time indicated. I will arrange to have the Honorable Court help me arrange to have complaint served on you. And I will ask the court to require you, or the entity that you represent, to pay the expenses of making service.

I certify that this request is being sent to you on the date below.

July 5, 2024

Respectfully Submitted-

Trina Welch Pro-Se

**NOTICE OF LAWSUIT AND REQUEST TO WAIVE SUMMONS**

# CERTIFICATE OF SERVICE

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this **NOTICE OF LAWSUIT AND REQUEST TO WAIVE SUMMONS** was placed in the mailing system on July 5, 2024 and mailed to the following:

Executed (signed) on July 5, 2024

BY: _____

TRINA WELCH-PRO-SE

Jack Mosby                                                    BY" MAILING SYSTEM
Ramsden, Marfice, Ealy, & De Smet, LLP
700 Northwest Boulevard
PO BOX 1336
Coeur D' Alene, ID 83816-1336

**NOTICE OF LAWSUIT AND REQUEST TO WAIVE SUMMONS**

Trina Marie Welch
20301-023
Federal Prison Camp-Phoenix
37930 N. 45th Avenue
Phoenix. Arizona 85086
     Pro-Se

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRINA MARIE WELCH, | |
|     Plaintiff, | **CASE NO.:  2:23-CV-00580-BLW** |
| VS. | |
| KEITH A  SIMS individual, KASCO OF IDAHO, and his entities, | **WAIVER OF THE SERVICE OF SUMMONS** |
|     Defendant(s). | |

To: Trina Welch

   I have received your request to waive service of a summons in this action along with the copy of the complaint mailed previous to this, two copies of the waiver form, and prepaid means of returning one signed copy of the form to you.

   I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

   I, understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive objections to the absence of a summons or of service.

   I also understand that I, or the entity I represent, must file and serve an answer or a motion within 60 days from July 5, 2024, the date when this request was sent.  If I fail to do so, a default judgment will be entered or the entity I represent.

   Federal Rules of Civil Procedure Rule 4 requires certain defendants to cooperate in saving unnecessary expenses who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

**WAIVER OF THE SERVICE OF SUMMONS**

"Good Cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over the matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses that have been made recently, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Federal Rules of Civil Procedure 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

DATE: _____

Respectfully Submitted-

_____
KEITH SIMS OR HIS ATTORNEY OF RECORD

WAIVER OF THE SERVICE OF SUMMONS