UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TINA MARIE WELCH,<br><br>               Plaintiff,<br><br>   v.<br><br>KEITH SIMS and his entities; and KASCO OF IDAHO,<br><br>               Defendants. | Case No. 2:23-cv-00580-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff Trina Marie Welch was a federal prisoner at the time she filed the initial complaint in this action. The current operative pleading is the Second Amended Complaint, *see* Dkt. 26.

Defendants move to dismiss the Second Amended Complaint. Dkt. 32. Defendants argue that the Court lacks subject matter jurisdiction because there is no diversity of parties, that Defendants were not properly served, and that the Second Amended Complaint fails to state a claim upon which relief may be granted.

All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Dkt. 23. Having fully reviewed the record, the Court finds that the facts and

legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary.[1] *See* D. Idaho Loc. Civ. R. 7.1.

Plaintiff's Second Amended Complaint is difficult to decipher, but it appears that at least some of Plaintiff's claims may relate to the federal criminal case under which Plaintiff stands convicted. However, the Court need not delve more deeply into Plaintiff's allegations because—no matter the content of the Second Amended Complaint—Plaintiff did not properly accomplish service of process on Defendants or obtain a waiver of summons.[2] Accordingly, the Court enters the following Order granting Defendants' Second Motion to Dismiss.[3]

1. **Requirements for Proper Service of Process**

Rule 4(e)(2) of the Federal Rules of Civil Procedure provides three ways in which a plaintiff may properly serve a defendant:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

---

[1] Consequently, the Court will deny Defendants' request for a hearing on the motion to dismiss and will grant their alternative request to decide the motion on the briefs. *See* Dkt. 42.

[2] The Court acknowledges that, ordinarily, issues of subject matter jurisdiction should be decided first. However, that inquiry involves disputed issues of fact about Plaintiff's pre-incarceration domicile—issues that are not appropriately resolved without an evidentiary hearing. Because there are no disputed facts as to the events regarding Plaintiff's failure to effect service of process, and because that issue is dispositive, the Court will address only the service of process argument.

[3] Defendants' first motion to dismiss was mooted when Plaintiff filed her Second Amended Complaint. *See* Dkt. 28.

>       (C) delivering a copy of each to an agent authorized by
>       appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).[4] After expiration of the time period for service—90 days after the complaint is filed, or other deadline as extended by the Court—the complaint must be dismissed as to any defendant who has not been properly served. *See* Fed. R. Civ. P. 4(m).

In lieu of formal service, a plaintiff may request that a defendant waive service of summons. To do so, the plaintiff must send a notice of lawsuit and request to waive summons to the defendant. The notice and request for waiver must be accompanied by a copy of the complaint. *See* Fed. R. Civ. P. 4(d). A defendant is not required to waive service of summons, though a failure to waive without good cause can result in liability for the costs of formal service.

**2.  Plaintiff Has Not Properly Served Any Defendant or Obtained a Waiver of Summons**

As Defendants correctly note in their Second Motion to Dismiss, there is no evidence in the record that Plaintiff has accomplished service of process, or obtained a waiver, as required by Rule 4. The only two documents filed by Plaintiff that reference service of summons are found at Docket Nos. 12 and 30.

Plaintiff's document entitled "Certificate of Service of Summons" (Dkt. 12) is not, in fact, such a certificate. Instead, that document states only that Plaintiff mailed a

---

[4] Under Federal Rule of Civil Procedure 4(e)(1), a summons and complaint may also be served in a manner authorized by state law. Fed. R. Civ. P. 4(e)(1). In Idaho, the service requirements are the same as those in the Federal Rules. *See* Idaho Rule of Civil Procedure 4(d)(1). Thus, the Court proceeds to an inquiry under Federal Rule of Civil Procedure 4(e)(2).

MEMORANDUM DECISION AND ORDER - 3

summons and copy of the complaint to Defendants' *counsel*—not to Defendants themselves. Dkt. 12. This was insufficient to properly serve Defendants, and it was also an insufficient request to waive summons. *See* Fed. R. Civ. P. 4(d), (e)(2).

In Plaintiff's other service-related document, entitled "Notice of Service," Plaintiff states the following:

> Please take notice that Plaintiff served a Notice of Lawsuit and Request to Waive Service of Summons and Waiver of Service of Summons to return to Plaintiff to file with the court. [Plaintiff] mailed on July 5, 2024.

Dkt. 30 at 1 (capitalization regularized). Once again, the Notice does not state that the waiver of summons was directed to the *Defendants*. Nor does the Notice establish that the request for waiver was accompanied by a copy of the complaint. And it is undisputed that Defendants did not, in fact, waive service of summons. Therefore, Plaintiff has neither accomplished formal service of process on Defendants nor obtained Defendants' waiver of summons.[5]

As the party who filed this lawsuit, Plaintiff was responsible for properly serving Defendants in the absence of a waiver of service. Plaintiff not done so. Because the time for service has now expired, the Court will dismiss this case without prejudice.

---

[5] Defendants have submitted evidence outside the pleadings with respect to Plaintiff's attempts to effect service of process or to obtain a waiver of summons. *See* Exhibits to Dkt. 37. The Court has not considered Defendants' evidence and can resolve the service of process issue solely with reference to the Court's own records in this case. The Court may take judicial notice of its own records, *see In re Korean Air Lines Co., Ltd., Antitrust Litigation*, 642 F.3d 685, 689 n.1 (9th Cir. 2011), and doing so does not transform a motion to dismiss into a motion for summary judgment, *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

MEMORANDUM DECISION AND ORDER - 4

## ORDER

**IT IS ORDERED:**

1. Defendants' Request for Zoom Hearing or Ruling on Briefs (Dkt. 42) is GRANTED IN PART and DENIED IN PART as set forth above. *See* note 1, supra.

2. Because Plaintiff failed to effect proper service of process on Defendants or to obtain a waiver of summons, Defendants' Second Motion to Dismiss (Dkt. 32) is GRANTED.

3. This case is DISMISSED without prejudice.

DATED: October 25, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge