RAMSDEN, MARFICE, EALY & DE SMET, LLP
700 Northwest Blvd.
P.O. Box 1336
Coeur d'Alene, ID 83816-1336
Telephone: (208) 664-5818
Facsimile: (208) 664-5884
Jack A. Mosby, ISB #10986
jmosby@rmedlaw.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRINA MARIE WELCH,<br><br>  Plaintiff,<br><br>vs.<br><br>KEITH SIMS, and his entities; and KASCO OF IDAHO,<br><br>  Defendants. | Case No. 2:23-cv-00580-DKG<br><br>**RESPONSE IN OPPOSITION TO WELCH MOTION TO SET ASIDE DISMISSAL TO FILE CORRECTIONS TO COMPLAINT FORMAT AND SUMMONS ECF 45** |

Defendants Keith Sims and Kasco of Idaho, LLC (hereinafter referred to as "**Keith**" and "**Kasco**" respectively, or collectively as the "**Defendants**") by and through their undersigned counsel of record, of the firm Ramsden, Marfice, Ealy & De Smet, LLP, submit this *Response In Opposition To Welch Motion To Set Aside Dismissal To File Corrections To Complaint Format And Summons ECF45*.

Plaintiff fails to cite any authority in support of her motion. There is no legal basis given for which this Court should grant the relief sought. ECF 45 appears to be a motion for relief from a judgment or order pursuant to Federal Rules of Civil Procedure rule 60. The grounds set forth within Rule 60, for which such relief could be granted, are set forth as follows:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). There is no evidence which supports any finding of facts that would constitute grounds for relief pursuant to rule 60(b).

Plaintiff failed to serve process. *See Memorandum Decision and Order* (filed as ECF 43), p. 3. For failure to serve process, the court dismissed (ECF 43, p. 5) and thereupon entered the *Judgment* dismissing the case. *See Judgment* (ECF 44).

In Plaintiff's motion, she cites to the Idaho Rules of Civil Procedure, which do not apply. She mentions her incarceration, but acknowledges that not being any excuse, and she even acknowledges that she knows that she could have defendants served at the place of business in Rathdrum, Idaho. *Motion to Set Aside Dismissal to File Corrections to Complaint Format and Summons*, p. 2. Plaintiff failed to fulfill the requirements set forth within the procedural rules applicable in this Court.

The case was commenced when the Plaintiff filed the complaint in December of 2023. Nearly a full year later, the Plaintiff has still not served process. Defendants moved to dismiss,

citing the proper rules and facts for insufficient service of process in *Defendants' Motion to Dismiss* (filed as ECF 14 and 14-1) in May 2024. Now, seven months after the filing of ECF 14-1, the Plaintiff has still failed to serve process. Plaintiff's argument is disingenuous that she didn't know the rules applicable to service of process because they are cited within ECF 14-1 (page 8). The proper rules were again stated in the *Reply in Support of Defendants' Motion to Dismiss* (filed June 25, 2024 as ECF 22), p. 4. Plaintiff still failed to serve process. Even after the same grounds were raised in support of the *Defendants' Second Motion to Dismiss* (filed July 17, 2024 as ECF 32), the Plaintiff still failed to serve process.

There is no good cause shown for the continued months of failure to serve process even after being educated through the court filing as to the proper rules applicable to service of process. Accordingly, there is no good cause shown for this Court to grant the requested relief.

## CONCLUSION

For the forgoing reasons, Defendants respectfully request that this Court deny the Plaintiff's *Motion to Set Aside Dismissal to File Corrections to Complaint Format and Summons*.

DATED this 21st day of November, 2024.

RAMSDEN, MARFICE, EALY & DE SMET, LLP

By: _____
Jack Mosby, Of the Firm
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2024, I served a true and correct copy of the foregoing by the method indicated below, and addressed to the following:

Trina Welch and Norman Welch    X   US Mail
PO Box 82    ____ Overnight Mail
Saint Regis, MT 59866    ____ Hand Delivered
   ____ Facsimile
   X   Email: normantrina@yahoo.com

*Amanda Clark* (signature)
Amanda Clark