UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRINA MARIE WELCH,<br><br>            Plaintiff,<br><br>    v.<br><br>KEITH SIMS and his entities; and KASCO OF IDAHO,<br><br>            Defendants. | Case No. 2:23-cv-00580-DKG<br><br>**ORDER** |

On October 25, 2024, the Court dismissed this case without prejudice and entered judgment against Plaintiff because Plaintiff failed to effect service of process on any Defendant. *See Memo. Dec. and Order*, Dkt. 43. Plaintiff has now filed a "Motion to Set Aside Dismissal to File Corrections to Complaint Format and Summons." Dkt. 45.

Although Plaintiff does not identify the authority upon which she bases the Motion, a party may request reconsideration of a final judgment (1) under Federal Rule of Civil Procedure Rule 59(e), by filing a motion to alter or amend the judgment, or (2) under Federal Rule of Civil Procedure 60(b), by filing a motion for relief from judgment. Because Plaintiff filed the Motion within 28 days after entry of final judgment, the Court will treat the Motion as filed under Rule 59(e).

ORDER - 1

*See American Ironworkers & Erectors, Inc. v. N. American Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (discussing ten-day deadline under former Rule 59(e)).

Reconsideration of a final judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted). A losing party cannot use a Rule 59(e) motion to relitigate old matters or to raise arguments that could have been raised before the entry of judgment. *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). As a result, there are four limited grounds upon which a motion for reconsideration may be granted: (1) the motion is necessary to correct manifest errors of fact or law; (2) the moving party presents newly discovered evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Plaintiff has not met her burden of showing manifest injustice or any other basis for reconsideration under Rule 59(e). Plaintiff had many months within which to accomplish service of process, yet she failed to do so. The Court understands that Plaintiff is pro se and incarcerated. Plaintiff's predicament is unfortunate, but it is not an excuse for failing to effect proper service.

**ACCORDINGLY, IT IS ORDERED** that Plaintiff's Motion to Set Aside Dismissal to File Corrections to Complaint Format and Summons (Dkt. 45), construed as a motion to alter or amend the judgment under Rule 59(e), is DENIED.

DATED: February 7, 2025

_____
Honorable Debora K. Grasham
United States Magistrate Judge